IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-10-0322 |
| v. | * | Civil No. – JFM-14-888 |
| | * | |
| WALTER LOUIS INGRAM | * | |
| | ****** | |

**<u>MEMORANDUM</u>**

Walter Louis Ingram has filed this action under 28 U.S.C. §2255. The motion will be denied.[1]

Ingram pled guilty and agreed to a sentence of 72 months. He complains that his trial counsel was ineffective in not conducting an adequate investigation and failing to suppress the wiretap evidence in the case. Ingram's claims in this respect are entirely conclusory and, as such, do not provide a basis for relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'd on other grounds*, *Yeasts v. Angelone*, 166 F.3d 255 (4th Cir. 1999); *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000); *Wilson v. United States*, 962 F.2d 996, 968 (11th Cir. 1992).

Ingram also complains that his counsel was ineffective in not explaining to him the meaning of the word "stipulating." Ingram complains that he does not know what the word "stipulating" meant. Assuming that to be true, it is clear from the record that Ingram admitted

---

[1] In his reply memorandum Ingram complains that as reflected in footnote 1 of the opposition, the opposition was drafted by Christopher Mason, a summer intern with the U.S. Attorney's Office who was a law student. In fact, the Government's opposition states only that the opposition was drafted <u>with the assistance of Mr. Mason</u>. In any event, it is not at all improper to use the assistance of interns in drafting memoranda and, for the reasons stated in the text, on the merits Ingram's motion is without merit.

under oath that the evidence that the Government said that it would produce against him was true.

 A separate order denying Ingram's motion is being entered herewith.


Date: October 17, 2014   ___/s/_____
              J. Frederick Motz
              United States District Judge